UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

NO. 22-12061

---

VICTORIA BIRD,

Appellant,

v.

UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, et al.,

Appellees.

On Appeal from the United States District Court
for the Northern District of Florida
No. 1:18-cv-00221-AW

**APPELLANT'S CORRECTED REPLY BRIEF**

Robert N. Marx, Esq.
Jean Simonoff Marx, Esq.
MARX & MARX, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
(404) 261-9559
lawyers@marxlawgroup.com

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
ATLANTA DIVISION

| | |
|---|---|
| VICTORIA BIRD, | |
| Appellant, | |
| v. | No. 22-12061 |
| UNIVERSITY OF FLORIDA BOARD OF TRUSTEES, THOMAS STRINGER and LI MING SU, | |
| Appellees. | |

APPELLANT VICTORIA BIRD'S
CERTIFICATE OF INTERESTED PERSONS

1. Pursuant to Federal Rules of Appellate Procedure and Eleventh Circuit Rule 26.1-1, Appellant Victoria Bird, certifies, by and through her undersigned counsel of record, that to her knowledge the following constitutes a complete list of the trial judge, attorneys, persons, associations of persons, firms, partnerships, and corporations that have an interest in the outcome of this appeal:

Alexander DeGance Barnett P.A., Attorneys for Appellees

Barnett, Michelle Bedoya, Attorney for Appellees

Bird, Victoria, Appellant

DeGance, Kelly Lynn, Attorney for Appellees

Jolly, Chandler, Attorney for Appellees

1

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
VICTORIA BIRD v. UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES *et al.*
CERTIFICATE OF INTERESTED PERSONS – CONTINUED
22-12061

Marx & Marx, L.LC., Attorneys for Appellant

Marx, Jean Simonoff, Attorney for Appellant

Marx, Robert N., Attorney for Appellant

Stringer, Thomas, Appellee

Su, Li Ming, Appellee

University of Florida, Appellee

University of Florida Board of Trustees, Appellee

Winsor, Hon. Allen C., Trial Judge

Wright, Todd A., Attorney for Appellees

      Marx & Marx, L.L.C. is not publicly held.

Respectfully submitted this 18th day of May 2023.

  s/Robert N. Marx      
Robert N. Marx, Esq.
Georgia Bar Number 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway, Suite 500
Atlanta, Georgia 30338
Telephone: (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Appellant Victoria Bird

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
VICTORIA BIRD v. UNIVERSITY OF FLORIDA
BOARD OF TRUSTEES *et al.*
CERTIFICATE OF INTERESTED PERSONS – CONTINUED
22-12061

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on May 18, 2023.

I certify that the following are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system:

Michelle Bedoya Barnett, Esq.
Alexander DeGance Barnett PA
1500 Riverside Avenue
Jacksonville, FL 32202
michelle.barnett@adblegal.com

Todd A. Wright, Esq.
Alexander DeGance Barnett PA
1500 Riverside Avenue
Jacksonville, FL 32202
todd.wright@adblegal.com

Kelly Lynn DeGance, Esq
Alexander DeGance Barnett PA
1500 Riverside Avenue
Jacksonville, FL 32202
kelly.degance@adblegal.com

Chandler Jolly, Esq.
Alexander DeGance Barnett PA
1500 Riverside Avenue
Jacksonville, FL 32202
chandler.jolly@adblegal.com

Atlanta, Georgia
May 18, 2023

s/Robert N. Marx
Robert N. Marx, Esq.
Georgia Bar No. 475280
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Telephone: (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Appellant Victoria Bird

3

# Table of Contents

                                                                     **Page**

Certificate of Interested Persons
And Corporate Disclosure Statement……………………………….…… 1

Table of Contents……………………………………………………….. 4

Table of Citations………………………………………………………… 6

Argument and Citation of Authority……………………………………… 11

     Point I
     Appellees Cite Only *Their* Version of Facts…………………………….. 11

     Point II
     This Court May Consider the Entire Record……………………………… 14

     Point III
     Appellees Misrepresent the Procedural Record………………………… 15

     Point IV
     The Rule 54(b) Motion Was Improperly Denied………………………...… 18

     Point V
     Appellees Fail to Refute Appellant's
     Gender Harassment Argument………………………………………...… 22

     Point VI
     Appellees Fail to Refute Appellant's Argument
     That The District Court's Cat's Paw Analysis
     Was Reversible Error…………………………………………………….. 26

     Point VII
     The 2015 Evaluation and 2016 Counseling
     Letter Are Adverse Actions…………………………………………….. 30

     Point VIII
     *Alvarez* Does Not Mean Pretext Does Not Matter……………………… 31

## Table of Contents (cont'd)

Page

Point IX
Appellees Do Not Rebut Dr. Bird's Retaliatory
Harassment Argument……………………………………………… 37

Point X
Appellees Fail To Refute The District Court's
Improper Dismissal of §1983 Claims…………………………………… 38

Conclusion: This Court Should Reinstate Appellant's Claims
For Sex Discrimination, Gender Harassment,
Retaliatory Harassment, and Her §1983 Claims
Against Drs. Stringer and Su and Deny Qualified
Immunity, Without Any Remand to Consider These
Claims Because Remand Would Be Futile and
Wasteful of Judicial Resources. This Court Should
Find Appellant's 2015 Evaluation and Backdated
Counseling Letter to Be Adverse Actions and That
the District Court's Failure to Instruct on
Cat's Paw Liability Was Legal Error. This Court
Should Remand For All Other Appropriate Relief………..... 41

Certificate of Compliance……………………………………………… 42

Certificate of Service……………………………………………... 42

Table of Citations

Page(s)

*Alabama Farm Bureau Mutual Casualty Co., Inc. v.*
*American Fidelity Life Insurance Company*
606 F.2d 602 (5th Cir. 1979), *cert. denied*, 449 U.S. 820 (1980).......................... 16

*Alvarez v. Royal Atlantic Developers, Inc.*
610 F.3d 1253 (11th Cir. 2010)……………………………………….... 31, 32, 36

*Austin v. Kroger Tex., L.P.*
864 F.3d 326 (5th Cir. 2017)................................................................................ 20

*Barthelus v. G4S Gov't Sols., Inc.*
752 F.3d 1309 (11th Cir. 2014)............................................................................ 34

*Beardsley v. Webb*
30 F.3d 524 (4th Cir. 1994).................................................................................. 39

*Blash v. City of Hawkinsville*
856 Fed. Appx. 259 (11th Cir. 2021)…………………….………… 20, 28, 29, 40

*Bonner v. City of Prichard, Alabama*
661 F.2d 1206 (11th Cir. 1981)............................................................................ 16

*Bostock v. Clayton County, Georgia*
140 S.Ct. 1731 (2020).......................................................................................... 37

*City of Miami Gardens v. Wells Fargo & Co.*
931 F.3d 1274 (11th Cir. 2019)...................................................................... 17, 18

*Combs v. Plantation Patterns*
106 F.3d 1519 (11th Cir. 1997)............................................................................ 35

*Cottone v. Jenne*
326 F.3d 1352 (11th Cir. 2003)………………………………………….…… 40

*Cowan v. J.C. Penney Co., Inc.*
790 F.2d 1529 (11th Cir. 1986)............................................................................ 16

6

Table of Citations (Cont'd)

Page(s)

*Crawford v. Carroll*
529 F.3d 961 (11th Cir. 2008)........................................................................ 30, 35

*Demyanovich v. Cadon Plating & Coatings, L.L.C.*
747 F.3d 419 (6th Cir. 2014)........................................................................ 35

*Dragan v. Valladolid*
2022 WL 779911 (9th Cir. 2022)........................................................................ 21

*Elrod v. Sears, Roebuck And Company*
939 F.2d 1466 (11th Cir. 1991)……………………………………………......…… 32

*Exigent Tech., Inc. v. Atrana Sols., Inc.*
442 F.3d 1301 (Fed. Cir. 2006)........................................................................ 18

*Farley v. Nationwide Mut. Ins. Co.*
197 F.3d 1322 (11th Cir. 1999)........................................................................ 35

*Fernandez v. Bankers Nat. Life Ins. Co.*
906 F.2d 559 (11th Cir. 1990)........................................................................ 16

*Fla. Power & Light Co. v. Allis Chalmers Corp.*
893 F.2d 1313 (11th Cir. 1990)........................................................................ 18

*Gilroy v. Baldwin*
843 Fed. Appx. 194 (11th Cir. 2021)........................................................................ 40

*Gowski v. Peake*
682 F.3d 1299 (11th Cir. 2012)……………………………………………… 24, 25

*Guimaraes v. NORS*
366 Fed. Appx. 51 (11th Cir. 2010)........................................................................ 16

*Hattem v. U.S.*
283 F.2d 339 (9th Cir. 1960)........................................................................ 36

*Holifield v. Reno*
115 F.3d 1555 (11th Cir. 1997)……………………………………....………..… 32, 35

Page(s)

*Hovhannisyan v. Mukasey*
274 Fed. Appx. 609 (10th Cir. 2008).................................................................. 36

*Hulsey v. Pride Rests, LLC*
367 F.3d 1238 (11th Cir. 2004)…………………………………………...….. 25

*Hurlbert v. St. Mary's Health Care Sys., Inc.*
439 F.3d 1286 (11th Cir. 2006).......................................................................... 34

*In re Louisiana Crawfish Producers*
852 F.3d 456 (5th Cir. 2017)................................................................ 14, 15, 19

*Jackson v. Birmingham Bd. of Educ.*
544 U.S. 167 (2005)............................................................................... 39, 40

*Johnson v. Booker T. Washington Broad Serv., Inc.*
234 F.3d 501 (11th Cir. 2000)…………………………………………………… 25

*Jordan v. Georgia*
2022 WL 4389006 (11th Cir. Sept. 22, 2022)...................................................... 16

*Littlejohn v. Shell Oil Co*.
483 F.2d 1140 (5th Cir. 1973),
*cert. denied*, 414 U.S. 1116 (1973).............................................................. 15, 16

*Locke v. Haessig*
788 F.3d 662 (7th Cir. 2015)............................................................................. 40

*Long v. Hosseini*
2022 WL 4075042 (11th Cir. Sept. 6, 2022).................................................. 17, 18

*Lopez-Umanzor v. Gonzales*
405 F.3d 1049 (9th Cir. 2005)........................................................................... 36

*McClendon v. U.S.*
892 F.3d 775 (5th Cir. 2018).............................................................................. 19

Page(s)

*Mississippi Valley Title Ins. Co. v. Thompson*
802 F.3d 1248 (11th Cir. 2015)............................................................................. 15

*Monaghan v. Worldpay US, Inc.*
955 F.3d 855 (11th Cir. 2020)………..…………………………………….….. 20

*NLRB v. McClain of Ga., Inc.*
138 F.3d 1418 (11th Cir.1998)............................................................................. 28

*Patel v. Lanier Cnty., Georgia*
969 F.3d 1173 (11th Cir. 2020)............................................................................. 14

*Patterson v. Georgia Pac., LLC*
38 F.4th 1336 (11th Cir. 2022)............................................................................. 34

*Parrish v. Board of Commissioners of the Alabama State Bar*
533 F.2d 942 (5th Cir. 1976)................................................................................. 16

*Paylor v. Hartford Fire Ins. Co.*
748 F.3d 1117 (11th Cir. 2014)............................................................................. 15

*Pennington v. City of Huntsville*
261 F.3d 1262 (11th Cir. 2001)……………………………………..………. 29

*Perry v. Rogers*
627 Fed. Appx. 823 (11th Cir. 2015)..................................................................... 24

*Ratliff v. DeKalb Cnty., GA*
62 F.3d 338 (11th Cir. 1995)................................................................................. 39

*Reeves v. C.H. Robinson Worldwide, Inc.*
594 F.3d 798 (11th Cir. 2010)............................................................................. 23

*Reeves v. Sanderson Plumbing Products, Inc.*
530 U.S. 133 (2000)……………………………………………....…. 31, 36

*Reflectone, Inc. v. Farrand Optical Co.*
862 F.2d 841(11th Cir. 1989)................................................................................. 18

Page(s)

*Rojas v. Florida*
285 F.3d 1339 (11th Cir. 2002)……..…………………………………………….. 32

*Schoenfeld v. Babbitt*
168 F.3d 1257 (11th Cir. 1999)………………………………………………… 29

*Short v. Mando Am. Corp.*
601 Fed. Appx. 865 (11th Cir. 2015)........................................................ 15

*Sims v. MVM, Inc.*
704 F.3d 1327 (11th Cir. 2013)………………………………...……..… 29

*Six Dimensions, Inc. v. Perficient, Inc.*
969 F.3d 219 (5th Cir. 2020)................................................................ 20

*Smith v. Lockheed-Martin Corp.*
644 F.3d 1321(11th Cir. 2011).............................................................. 36

*Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*
859 F.2d 865 (11th Cir. 1988).............................................................. 15

*Soulinthong v. TrustPoint Int'l, LLC*
695 Fed. Appx. 474 (11th Cir. 2017)…………………………..…………. 29

*Vega v. Hempstead Union Free Sch. Dist.*
801 F.3d 72 (2d Cir. 2015).................................................................. 40

*Watkins v. Bowden*
105 F.3d 1344 (11th Cir. 1997)........................................................ 38, 39

*Welch v. Celotex Corporation*
951 F.2d 1235 (11th Cir. 1992)............................................................ 14

*Wilcox v. Lyons*
970 F.3d 452 (4th Cir. 2020)............................................................... 39

## POINT I
## APPELLEES CITE ONLY *THEIR* VERSION OF FACTS

Appellees state as fact that Dr. Bird was only hired part time with no expectation that she would operate. They rely on Dr. Su's affidavit, but neither he nor Dr. Stringer were involved in Dr. Bird's hiring (R.209[Dr. Stringer Dep.] 112:13-16; R.210[Dr. Su Dep.], 263:23-264:7). Their citation to Dr. Vieweg's testimony is misleading because Dr. Vieweg testified that 1) Dr. Bird might go to the OR when space became available (R.212[Dr. Vieweg Dep.] 63:1-24); 2) he " . . . did not exclude the possibility. . .  " that she would do surgery (*Id.*, 65:6-9); 3) Dr. Bird <u>did</u> tell him she wanted to do surgery. (*Id.*, 21:10-12, 65:19-22) (See also, R.79-1[Dr. Bird Decl.] ¶27), and 4) "shadowing" did not mean teaching Dr. Bird how to do urologic procedures. (R. 212 [Dr. Vieweg Dep.] 224:24-225:22).

Dr. Bird's offer letter stated she would be "incorporated into the call schedule" which required that she be full time and go to the OR. (R.201[Dr. Bird Dep.] 131:10-132:2, 140:19-142:3; R.79-14). Appellees state that the offer letter was "mistaken", but Drs. Stringer and Su both admitted they could have corrected it, but did not. (R.209[Dr. Stringer Dep.] 112:13-114:6; R.210[Dr. Su Dep.] 264:8-20).

Appellees misleadingly suggest that Dr. Bird did not complain about Dr. Stringer's sexist treatment of her until *after* her 2016 performance evaluation and being told Rhea Carnevale was going to file harassment charges against her (App.

Br. 6).[1] Corr. Br. 27 -28 details a long history of complaints about Dr. Stringer's sexism, including by and regarding Dr. Bird, and that UF ignored them.

Appellees omit key events in 2015 including that Dr. Stringer 1) tried to get Dr. Bird to work at the non-urologic Haile Plantation facility; 2) told her that her desire to have an equal opportunity to practice urology was "ridiculous"; 3) lied about her credentials being lost and forced her to withdraw her renewal application. (R.201[Dr. Bird Dep.], 272:5-17, 269:2-24, 272:23-273:14; R.79-1[Dr. Bird Decl.] ¶¶46-47, 51).

Appellees omit key events in 2016 including:

- The April 7, 2016 hallway incident with Dr. Stringer (Corr. Br. 23).

- Dr. Stringer's email to Dr. Su in April 2016 discussed non-renewing Dr. Bird, stated that Dr. Stringer would enlist Rhea Carnevale to file harassment charges against Dr. Bird, and stated he hoped Dr. Su would deal with the "festering issue", referring to Dr. Bird. (R.79-24).

- Dr. Su told Dr. Bird on April 12, 2016, regarding the April 7 hallway incident, that "I was the problem" (R.201[Dr. Bird Dep.] 297:10-11).

- Because of the April 7, 2016 hallway incident, Drs. Su and Stringer wanted to reprimand Dr. Bird, and that for purposes of the June 30, 2016

---

[1] References to Appellant's Corrected brief will be "Corr. Br. __". References to Appellees' brief will be "App. Br. ___".

meeting, Dr. Su sought – and ultimately incorporated – Dr. Stringer's "input regarding both alleged medical competence and interpersonal issues." (R.209[Dr. Stringer Dep.] 238:2-8, 251:11-252:5, 253:21-254:16, 255:14-22; R.210[Dr. Su Dep.] 226:1-229:21; R.200-15; R.200-16; R.200-17).

Appellees' statement of "facts" from pages 4-9 regarding Dr. Su's alleged personal evaluation, Dr. Bird's alleged derelictions, and the "reasons" for her non-renewal and clinic removal, are all based on Dr. Su's affidavit, but these are disputed facts. (Point VIII *infra*; Corr. Br. 25-27, 31-33, 37, 39, 45, 53, 58-64). Appellees rely on Dr. Su to assert that Dr. Stringer offered little commentary at the March 31, 2017 non-renewal meeting, but Candi Kish's *contemporaneous* notes reflect that Dr. Stringer did most of the talking (R.79-38 [notes marked at deposition]; R.79-37[Kish Dep.], 75:1-78:22, 79:17–20; R.241-25, p.9 of 10[trial exhibit]).[2]

This list of Appellees' misrepresentations and omissions is not exhaustive.

"A party who prevails on a . . . a summary-judgment motion…may not rely on his own factual story. Rather, he . . . must accept his opponent's story and convince

---

[2] Corr. Br. 34 incorrectly cites this as R. 241-25, pp. 9-10).

us that he is nonetheless entitled to prevail as a matter of law." *Patel v. Lanier Cnty. Georgia*, 969 F.3d 1173, 1179, n. 1 (11th Cir. 2020).

## POINT II
## THIS COURT MAY CONSIDER THE ENTIRE RECORD

Appellees' reliance on *Welch v. Celotex Corp*., 951 F.2d 1235 (11th Cir. 1992), is inapposite, because there this Court denied a motion by the appellees – first made *during the appeal* – to add documents to the record.

*In re Louisiana Crawfish Producers*, 852 F.3d 456 (5th Cir. 2017) *supports Dr. Bird* because the Court of Appeals <u>found the District Court had abused its discretion in failing to consider a post-summary judgment deposition</u> that had been *authorized* by the case management order <u>and considered on appeal, the whole record, including the post-summary judgment evidence.</u> *Id*. at 460.

Here, the post-summary judgment record was developed pursuant to the District Court's own order. (R.84). Thus, the District Court's March 16, 2020 Order, permitted in light of Covid, any party – or deponent – to adjourn any deposition scheduled prior to the close of discovery and to take those depositions at a later date, even after March 31, 2020. (R.84):

> If any deposition is canceled, the case schedule will be amended to allow that deposition (or those depositions) to be rescheduled later, and other schedule changes will be made if necessary.

As in *Louisiana Crawfish*, this Court may consider the whole record, as the District Court should have done.

This Court will affirm summary judgment "if the movant has shown, *based on our review of the entire record*, that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Mississippi Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1252 (11th Cir. 2015)(Emphasis added). "[R]eviewing [a] district court's grant of summary judgment *de novo* . . . means that we "consider *all the evidence in the record* . . ." *Short v. Mando Am. Corp.*, 601 Fed. Appx. 865, 875 n.13 (11th Cir. 2015) *quoting*, *Paylor v. Hartford Fire Ins. Co*., 748 F.3d 1117, 1121 (11th Cir. 2014)(Emphasis added).

<u>POINT III</u>
<u>APPELLEES MISREPRESENT THE PROCEDURAL RECORD</u>

Appellees do not challenge the settled case law that 1) a District Court commits reversible error in granting summary judgment when a motion to compel is pending or where " . . . the nonmoving party has not had an adequate opportunity  to conduct discovery", *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988), and that 2) "[f]orm is not to be exalted over fair procedures" and therefore that it was not necessary for Appellant to file an affidavit, declaration or motion pursuant to Fed.R.Civ.P. 56(d). *Littlejohn v. Shell Oil Co*., 483 F.2d 1140, 1146 (5th Cir. 1973) (*en banc*), *cert.*

*denied*, 414 U.S. 1116 (1973) and *Cowan v. J.C. Penney Co.*, 790 F.2d 1529, 1532 (11th Cir. 1986 (*per curiam*).  See also, Corr. Br. Point I, 38-42 and cases cited therein.

Appellees do not even discuss *Littlejohn; Cowan; Alabama Farm Bureau Mutual Casualty Co., Inc. v. American Fidelity Life Insurance Company,* 606 F. 2d 602 (5th Cir. 1979), *cert. denied*, 449 U.S. 820 (1980); *Parrish v. Bd. of Commissioners of the Ala. State Bar,* 533 F.2d 942 (5th Cir. 1976); *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F. 2d 559 (11th Cir. 1990); *Guimaraes v. NORS,* 366 Fed. Appx. 51 (11th Cir. 2010); or *Jordan v. Georgia*, 2022 WL 4389006 (11th Cir. 2022).  *Littlejohn* and *Parrish*, both decided by the former Fifth Circuit in the 1970's, are binding on this Court under *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir. 1981).

Appellees suggestion (App. Br. 24) that the District Court authorized them to file a global motion for summary judgment was rejected by the District Court which Appellees' counsel acknowledged;

> MS. BARNETT: . . . . we would be. . . willing . . . to file separate motions for summary judgment, one on the qualified immunity issue, sooner rather than later.
>
> THE COURT: . . . . that would be the appropriate thing to do, rather than waiting for everything else that goes along with it.
>
> MS. BARNETT: Sure.

(R.260 [Tr. 11/7/19], p. 9).

Thus, the District Court ordered that financial worth discovery was stayed pending resolution of "Defendants Stringer and Su's motion for summary judgment <u>as to qualified immunity</u>." (R.63, ¶2)(Emphasis added).

Appellees' "estoppel" argument (App. Br. 24) fails because Dr. Bird's objection related only to the qualified immunity motion.

Appellees' argument regarding Dr. Bird's March 10, 2020 motion to compel, overlooks the real point, that her permitted, timely April 13, 2020 motion to compel (R.95) was fully briefed by April 20, 2020 (R.102), and was still outstanding when the District Court issued its summary judgment Order (R.115). Nor do Appellees challenge that the motion was never decided. (R.118; R.122; R.246).

Dr. Bird's "equivalent form of notice" (App. Br. 21) was 1) Dr. Bird's pending motion to compel discovery, 2) numerous references at hearings with the District Court to outstanding discovery issues and 3) Dr. Bird's statement in her opposition papers to the motion for summary judgment that she needed to take the depositions of Drs. Su and Stringer in order to challenge the accusations contained in the evaluations and counseling letter, any one of which suffices.

*Long v. Hosseini*, 2022 WL 4075042 (11th Cir. 2022) and *City of Miami Gardens v. Wells Fargo & Co*., 931 F.3d 1274 (11th Cir. 2019), are factually

inapposite and did not involve as here, authorized post-summary judgment discovery resulting from Covid. Hosseini "did not specifically identify which exhibits he would have needed or how they would have enabled him to respond to particular parts of [Defendants'] motion", 2022 WL 4075042 at *4, and filed his motion to compel untimely. *City of Miami Gardens*, quoted *Hosseini* and *Reflectone, Inc. v. Farrand Optical Co*., 862 F.2d 841 (11th Cir. 1989), in which there was no motion to compel discovery <u>or</u> any reference to outstanding discovery in the papers opposing summary judgment. Here, there was <u>both</u> a pending motion to compel <u>and</u> in her summary judgment opposition brief, Dr. Bird specifically described the necessary discovery and the reason for it.

In *Florida Power & Light Co. v. Allis Chalmers Corp*., 893 F.2d 1313 (11th Cir. 1990) there were no outstanding discovery issues or a motion to compel, and the plaintiff merely sought unspecified additional discovery. In *Exigent Tech., Inc. v. Atrana Sols., Inc*., 442 F.3d 1301 (Fed. Cir. 2006), the plaintiff never made a motion to compel or described what additional discovery might disclose. (*Id*. at 1311).

POINT IV
<u>THE RULE 54(b) MOTION WAS IMPROPERLY DENIED</u>

Appellees do not challenge that a District Court applying an incorrect legal standard, following improper procedures and making clearly erroneous findings of fact, each constitute an abuse of discretion (Corr. Br. 44) or Appellant's case law

that the District Court's failure to set forth the reasons for its summary conclusion[3] was itself an abuse of discretion.

Appellees' attempt to distinguish *McClendon v. U.S.*, 892 F.3d 775 (5th Cir. 2018) fails because the District Court's failure to explain itself (Reason 3) does not make clear what evidence it considered in reaching its summary conclusion. In any event, *McClendon* cites *Louisiana Crawfish*, where the Fifth Circuit considered the <u>entire</u> <u>record</u>, holding that the District Court had abused its discretion by failing to consider post-summary judgment evidence *it had authorized.*

Dr. Bird did not "sit back [and] see how she does,"[4] but timely apprised the District Court specifically of the evidence she needed which had been delayed due to Appellees' discovery stonewalling, timely filed a motion to compel, and took post-summary judgment depositions as *<u>authorized</u>* by that court. Also, Appellees' motion was supposed to be limited to qualified immunity, which they understood. Whether or not the District Court here considered the whole record, this Court should.(Points II and III *infra*).

Appellees incorrectly argue that Dr. Bird's Rule 54(b) motion was based only on post-summary judgment depositions – which should have been considered anyway. Rather, that motion detailed that the District Court was wrong at the time

---

[3] "Third, and finally, Plaintiff has not shown that the order was wrong." (R.217, p. 2).

[4] R. 217, p. 2.

it issued its summary judgment order, which was further _confirmed_ as authorized discovery unfolded.

Under Rule 54(b), unlike Rules 59(e) and 60, Dr. Bird was not required to produce new evidence or any changes in the law. *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020) *quoting*, *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). Dr. Bird's Corrected Brief, as did her Rule 54(b) motion, demonstrated that the District Court was wrong at the time it decided summary judgment, and even more wrong as the record developed.

Appellees' arguments regarding "new evidence" (App. Br. 25-27) are irrelevant because under Rule 54(b) new evidence is not required for that motion. Also due to Covid, the District Court *authorized* the development of the post-summary judgment record.

Appellees' arguments regarding *Monaghan v. Worldpay, US, Inc.,* 955 F.3d 855 (11th Cir. 2020)[5] and *Blash* v. *City of Hawkinsville,* 856 Fed. Appx. 259 (11th Cir. 2021) are unavailing because they clarified that the District Court had been wrong about the law. (See Point IX *infra* and Corr. Br. 42, 55, 65-66).

Appellees argue (App. Br. 27), that the motion for reconsideration was properly denied because it was filed only 18 days prior to the start of the trial, but

---

[5] In footnote 21, the District Court's cursorily referred to *Monaghan* without applying it to the facts here. Also, *Monaghan* was decided after Dr. Bird submitted her summary judgment opposition brief. (R.115, p. 29)

the District Court continued the trial 15 days before its start date in July 2021 for a criminal trial. (R.131; R.155). The District Court conceded the motion was timely (R.217, p. 1). Rule 54(b) authorizes reconsideration of interlocutory order any time before entry of final judgment. Trying a case fully on the merits is hardly prejudicial to any party and failing to do so only prejudiced Dr. Bird. Any issue of potential trial delay is a red herring, since reversal of its prior order and denial of qualified immunity would have triggered an immediate appeal, delaying the trial.

Appellees also argue (App. Br. 25) that denial was appropriate because of "the failure to raise the issue at an earlier stage of the litigation", but Dr. Bird had previously raised the issues contained in her Rule 54(b) motion in briefs submitted to the District Court in July 2021, and discussed them in open court at the pretrial hearing on July 14, 2021. During that hearing the District Court presaged its unwillingness to reconsider its legal and factual errors, (R. 198 [Tr. 7/14/21 motion hearing and pretrial conference], 96-97, 99-102), and its conclusion that it was not wrong without any explanation (Reason 3), (R.217, p. 2), indicates that the motion would have been denied however earlier it might have been filed.

*Dragan v. Valladolid*, 2022 WL 779911 (9th Cir. Mar. 14, 2022*)* is inapposite because there the defendant failed to file a motion to compel whereas

here Dr. Bird repeatedly apprised the Court of Appellees' discovery stonewalling, and she filed authorized motions to compel.

POINT V<br>
APPELLEES FAIL TO REFUTE APPELLANT'S<br>
GENDER HARASSMENT ARGUMENT

Appellees' attempt to disconnect Dr. Stringer's sexism from how he treated Dr. Bird (App. Br. 32, 35) must be rejected because they never appealed the District Court's finding that much of Dr. Stringer's conduct toward Dr. Bird was based on her sex (R.115, p. 11). They also do not challenge Dr. Bird's argument that the District Court improperly disaggregated Dr. Stringer's conduct. A jury could reasonably infer that his all of "poor treatment of her" and inability to get along with her was gender motivated. Appellees' "too attenuated" argument (App.Br. 35-36) must be rejected since it is unsupported by any legal authority.

The conduct which Appellees dismiss as "ordinary workplace tribulations"(Corr. Br. 48-49), had as its context, Dr. Stringer's sexist demeaning view of and treatment of women (*i.e.* gender specific) before Appellant arrived at UF and throughout her employment.

The record on summary judgment included: Cindy Maddox's testimony that Dr. Stringer referred to women as "c–nts" before Dr. Bird arrived, Dr. Vieweg's testimony that Dr. Stringer had to apologize to female employees in 2013 for his condescending treatment, Dr. Vieweg's continued receipt of complaints about Dr.

Stringer's sexism in 2014 and 2015, and his going to HR about this, Erin Session's observation throughout 2014 of Dr. Stringer's sexist treatment and public disparagement of Dr. Bird leading her to repeatedly complain to her own boss about this, Joyce Browning's witnessing the 2016 hallway incident which was different than she had ever seen Dr. Stringer treat another male physician, and Kentwana Jamerson's testimony regarding Dr. Stringer's weekly degrading remarks about women from 2016-2019, and her witnessing his disparagement of Dr. Bird, including to her patients. (R.86, pp. 1-4, 8-13, 28-30, 33-34, 41, 44, 46-51, 54, 66).

Insults targeting women as a group demonstrates an intent to discriminate on the basis of sex, "even when those insults are not directed at the individual employee." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 811 (11th Cir. 2010). UF's pattern for years of ignoring complaints, including Dr. Bird's, of Dr. Stringer's sexism, supports an intent to discriminate, since Dr. Stringer's degradation of women as a group, and of Dr. Bird in particular, persisted unabated *Id*.

Appellees' hearsay argument, (App. Br. 33), must be disregarded, because Appellees did not cross appeal the District Court's rejection of this precise argument. (R.115, pp. 6-7; R. 168, denying R.146).

*Perry v. Rogers*, 627 Fed. Appx. 823, 826 (11th Cir. 2015)(App. Br. 33) is inapposite to the facts here, because in *Perry* the plaintiff was unaware of the discriminatory statements and behavior towards others <u>during her employment, but here Dr. Bird was not only aware of this behavior, but provided their names as witnesses, and advocated on their behalf</u> . (R.79-1[Dr. Bird Decl.] ¶85; R.200-29; R.200-32; R.200-37; R.241-24; R.241-70).

Appellees' attempt to distinguish Dr. Bird's cases at pages 34-35 of their brief fails because Dr. Stringer's message directed at Dr. Bird is precisely that she was "incompetent because of her sex", especially in light of his repeated undermining of her knowledge and competence, alongside his weekly statements that women don't think.

Dr. Bird's Corrected Brief at pages 19-23, 48-49 sets forth numerous instances of Dr. Stringer's sexist statements and gender-based hostile treatment directed at Dr. Bird or made in her presence, including his retaliatory acts against her for opposing his sexism, which occurred in the context of UF's toleration of years of Dr. Stringer's sexism.

Appellees fail to challenge Dr. Bird's showing that Dr. Stringer's treatment of her was analogous to that found by this Court to be severe or pervasive in *Gowski v. Peake*, 682 F.3d 1299 (11th Cir. 2012)(Corr. Br. 52). Nor did the District Court, except by applying an incorrect legal standard. The District Court's

"distinction" of *Gowski* without explanation was "The *pervasiveness **and** severity of the conduct those plaintiffs faced far exceeds what Dr. Bird faced from Dr. Stringer.*" (R.115, p. 12. n. 9)(Emphasis added).

Appellees misleadingly state, "At no point in the Order did the District Court suggest that Dr. Bird was required to establish…severe *and* pervasive" (**App. Br.** 37)(emphasis in original) but the District Court wrote:

> So even assuming the conduct—all put together—was severe ***and*** pervasive. . . .
>
> . . . I conclude she has not shown enough . . . . *Johnson v. Booker T. Washington Broad Serv., Inc.*, 234 F.3d 501, 509 (finding *severe **and** pervasive* harassment when …)
>  . . .*Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1248 (11th Cir. 2004) (finding enough evidence to support *severe **and** pervasive* harassment where. . .) . . .

 therefore concluding that "The University is entitled to summary judgment" on Dr. Bird's gender hostile environment claims. (R.115, p. 14)(Emphasis added). This was consistent with the District Court's prior statements at the summary judgment hearing:

> The Court: - -  We are talking about the hostile work environment about whether his conduct, and everyone's conduct, created this where the incidents were *severe **and** pervasive* enough to make a claim.

(R.135 [Tr. 7/20/20], p. 69)(Emphasis added).

## POINT VI
## APPELLEES FAIL TO REFUTE APPELLANT'S ARGUMENT THAT THE DISTRICT COURT'S CAT'S PAW ANALYSIS WAS REVERSIBLE ERROR

Appellees do not respond to Dr. Bird's arguments that the District Court usurped its proper role on summary judgment by ignoring the evidence of cat's paw causation, improperly weighing the evidence, and failing to draw reasonable inferences in Dr. Bird's favor.

Even the limited record before the District Court on summary judgment demonstrated Dr. Stringer's influence and direct participation in bringing about her non-renewal and clinic removal including:

- Dr. Su's admission to Dr. Bird that she had been non-renewed because she could not get along with Dr. Stringer. (R.201 [Dr. Bird Dep.], 165:13-167:11, R.79-1 [Dr. Bird Decl.], ¶81).

- Testimony that Dr. Su and "had Dr. Stringer's back " (R.212, [Dr. Vieweg Dep.] 169-170) and Dr. Su's statement to Dr. Bird that he would be loyal to Dr. Stringer always. (R.241-45; R.241-68).

- HR's statement to Dr. Bird not to come back because Dr. Stringer was "too powerful" as further evidenced by the years of complaints against him that went nowhere (R.201 [Dr. Bird Dep.], 196:1-10).

- John Rouse telling Dr. Bird that he had bosses too, not interviewing or "blowing off" Dr. Bird's witnesses, and conducting a sham investigation (R.200-3; R.201 [Dr. Bird Dep.], 209:1-210:11)
- Dr. Stringer's April 2016 "hostage" email to Dr. Su discussing non-renewing Dr. Bird, seeking Dr. Su's help and showing that he could manipulate Ms. Carnevale (R.79-24).
- Evidence that the alleged performance and interpersonal derelictions set forth in Dr. Su's affidavit are taken from his 2016 evaluation of Dr. Bird (R.241-15), which were lifted entirely from the (simultaneous) Counseling Letter (R.241-14) signed by Dr. Stringer.
- Dr. Stringer's March 3, 2017 email to Dr. Su stating he would decide Dr. Bird's role after non-renewal. (R.200-43).
- Dr. Stringer's active participation in the March 31, 2017 meeting as evinced by Candi Kish's notes. (R.79-38; R.241-25, p. 9 of 10).

All of this evidence was before the District Court, and supported cat's paw causation since Dr. Stringer's actions were intended to and did bring about Dr. Bird's non-renewal and clinic removal, and he harbored conjoined sexist and retaliatory motives,

The post-summary judgment evidence, which this Court may and should consider, (Point II) bolsters cat's paw causation, especially given Dr. Su's

admissions that he *got his information from Dr. Stringer*, *did no investigation*, and first raised any issues to Dr. Bird on September 6, 2016,(Corr. Br. 32-33). Dr. Stringer, a recent $350,000 donor to the Urology clinic (R.205 [Dr. Dewar Dep.], 36-37) admitted his statements at the March 31, 2017 meeting, that he had wanted to non-renew Appellant, and that her filing discrimination complaints against him are "reasonable reasons" to non-renew her, supporting his retaliatory motive. (R.209 [Dr. Stringer Dep.] 277:14-20, 276:15-18; R. 241-125, p.9).

Appellees' argument, without any discussion and relegated to a footnote(App. Br. 39, n. 13), that this further evidence "still would not support Dr. Bird's cat's paw theory" cites no case law or facts.(Corr. Br. 23-34, 52-66). *NLRB v. McClain of Ga., Inc.,* 138 F.3d 1418, 1422 (11th Cir.1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed . . .waived.").

Appellees' failure to appeal the District Court's conclusion that the record could support finding gender *animus* by Dr. Stringer, precludes them from challenging that here. Dr. Stringer's emails and testimony support his retaliatory motive.

Appellees ignore that this Court found cat's paw liability in *Blash* where Brannen had discussed Blash's fate, though he was silent at Blash's termination.

The District Court's disregard of *Blash* during the July 14, 2021 pretrial hearing demonstrates that it would never reconsider cat's paw causation.

The District Court required Dr. Bird to show exclusive reliance on Dr. Stringer's input, but a biased supervisor who "taints" the decision-making process is all that's required. *Sims v. MVM, Inc*., 704 F.3d 1327, 1336 (11th Cir. 2013) (supervisor's *animus* "somehow related"); *Pennington v. City of Huntsville*, 261 F.3d 1262, 1269–71 (11th Cir. 2001)(decision must be free of biased supervisor's taint); *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268 (11th Cir. 1999)(biased supervisor's participation tainted the entire hiring process).

Cat's paw causation applies to retaliation claims. *Soulinthong v. TrustPoint Int'l, LLC*, 695 Fed. Appx. 474, 478 (11th Cir. 2017). The District Court improperly refused to give a "cat's paw" instruction at trial based on its erroneous "exclusive reliance" requirement. Appellees argue about Drs. Dewar's and Su's testimony, but Dr. Dewar admitted he did not work with Dr. Bird, was not in clinic with her, never personally observed her, had no first-hand knowledge of her clinical skills or interpersonal interactions, and his source of information was Dr. Stringer. (R.271 [Tr. 5/19/23], p.814-816). And Dr. Su admitted that when he became Chair he talked to Dr. Stringer about Dr. Bird. (*Id*., pp. 1043-1044].

Appellees ignore the admitted exhibits at trial showing 1) that after the April 7, 2016 hallway incident, Dr. Stringer wanted to discipline Dr. Bird (R.241-2);

2) in preparing the counseling letter Dr. Su instructed "update Stringer's comments" (R.241-5); 3) a counseling letter draft lists "disruptive, subversive, disrespectful and dishonest" as examples of Dr. Bird's alleged interpersonal issues (R.241-6); 4) the July 12, 2016 email explained that Dr. Bird was "disrespectful" because she accused "Dr. Stringer of harassment" and "dishonest" by accusing the "department of trying to marginalize her" ( R.241-7); and 5) Candi Kish's notes depicting Dr. Stringer's active role at the March 31, 2017 meeting. (R.241-25, p. 9 of 10).

## POINT VII
## THE 2015 EVALUATION AND 2016
## COUNSELING LETTER ARE ADVERSE ACTIONS

The backdated counseling letter "morphed" into the 2016 evaluation which gave her a "below performance standards" rating", and along with Dr. Stringer's 2015 evaluation, was the "documentation" of Appellees' alleged articulation used to get rid of Dr. Bird. (R.135 [Tr. 7/20/20], p. 6:18-22, 7:17-20, 23-25). The District Court's refusal to "qualify" them as adverse employment actions was reversible error. *Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008).

## POINT VIII
## *ALVAREZ*[6] DOES NOT MEAN
## PRETEXT DOES NOT MATTER

The District Court's dismissal of Appellant's sex discrimination claims rests on its 1) improper rejection of the 2015 Evaluation and the 8/9/16 counseling letter as material adverse actions (Point VII); 2) it's erroneous cat's paw ruling (Point VI); and 3) misunderstanding that *Alvarez* and its antecedents do not mean that pretext does not matter.

The District Court ignored the record evidence of pretext at pages 35-45 of Dr. Bird's brief in opposition to summary judgment (R.86), because:

> THE COURT: That's irrelevant . . . . If you have an affidavit from Dr. Su that says she over-diagnosed bladder infections, supported. . .*or not corroborated at all, it doesn't matter. . . . it doesn't matter what Dr. Su's explanation was*.

(R.135 [Tr. 7/20/20], p. 79).(Emphasis Added).

But this is not the law. *Alvarez* reiterated that <u>a plaintiff defeats summary judgment</u> either by showing that the employer "more likely than not acted with a discriminatory motive, *<u>or by showing that its proffered reasons are not credible</u>*." *Alvarez,* 610 F.3d at 1265, *citing*, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. at 148(emphasis added).

---

[6] *Alvarez v. Royal Atlantic Developers, Inc*, 610 F.3d 1253 (11th Cir. 2010).

*Alvarez, Holifield v. Reno*, 115 F.3d 1555 (11th Cir. 1997),  *Elrod v. Sears, Roebuck And Co.*, 939 F.2d 1466 (11th Cir. 2001) and *Rojas v. Florida,* 285 F.3d 1339 (11th Cir. 2002), are all factually inapposite: in *Elrod* and *Rojas* the plaintiffs admitted the derelictions alleged against them; in *Alvarez* there was only plaintiff's uncorroborated denial of the allegations against her and a single "Cuban" remark by a non-decisionmaker. In *Holifield* there was an unrefuted log giving the specifics, dates, times and incidents of the plaintiff's infractions, exactly the evidence which is missing here.

The District Court improperly disregarded evidence at summary judgment, including:

- Dr. Bird's declaration: denying that Dr. Su or Dr. Stringer ever personally observed her (R.79-1 [Dr. Bird Decl.], ¶¶7,8, 77-78); denying all of Dr. Su's reasons (*Id*., ¶¶6 -20, 23,39-43, 48-49, 53, 55, 58, 69- 80); stating that Dr. Su told her all the (bogus) negative comments and evaluations would go away if she resigned (*Id*. ¶81); and that Dr. Su never discussed any patient issue with her (*Id*. ¶7).

- Kentwana Jamerson's affidavit refuting all of Dr. Su's affidavit. (R.79-3 [Jamerson Decl.] ¶¶5-6, 11, 14, 21-25).

- Joyce Browning's affidavit denying that Dr. Bird had trouble with procedures (R.79-4 [Browning Decl.] ¶¶4-8).

- Dr. Moy's and Dr. Vieweg's testimony that most bladder biopsies are negative, and that negative biopsy results provide no basis for criticism  (R.212 [Dr. Vieweg Dep.] 91:18-92:2; R.79-9 [Dr. Moy Dep.] 102:5-7, 103:2-6, 104:4-5, 106:17-23).

- Dr. Moy's testimony that even doctors whose patients died were not non-renewed (R.79-9 [Dr. Moy Dep], 105-106).

- Dr. Moy's and Vieweg's testimony that AUA guidelines are subject to a physician's independent medical judgment. (R.79-9 [Dr. Moy Dep] 146; R.212 [Dr. Vieweg Dep.] 226).

- Dr. Vieweg who was Urology Chair during all of 2014 and had on numerous occasions observed Dr. Bird's medical treatment of patients, saw no problem with her performance; (R.212 [Dr. Vieweg Dep.] 186:4-20, 213:10-214:8).

- Dr. Stringer did not mention any medical competence issues in Dr. Bird's 2015 evaluation (R.241-32);

- Drs. Stringer and Su themselves stated at the end of 2015 that Dr. Bird had no performance issues (R.79-44; R.79-45);

- there was not a single document, "documenting" Dr. Bird's alleged medical competence or interpersonal issues (R.79-6 [Robert Marx Decl, ¶¶1-7).

- Shands Hospital Bylaws required Drs. Stringer and Su to report any performance issues regarding Dr. Bird but they never did that (R.79-43, p. 44 of 75).

- Dr. Su wrote in November 2015 that he would *refer friends and family* to her. (R.79-45).

Appellees have no response to the evidence. *Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1354 (11th Cir. 2022)("positive work reviews on performance issues, even if predating the employment decision, contradict[ ]. . . claims regarding long standing work performance issues and demonstrate pretext"), *citing Barthelus v. G4S Gov't Sols., Inc.*, 752 F.3d 1309, 1315–17 (11th Cir. 2014) (positive performance reviews undermined articulation of poor performance). "[A]n employer's deviation from its own standard procedures may serve as evidence of pretext." *Patterson v. Georgia Pac., LLC*, 38 F. at 1353; *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006).

Further, UF's years of tolerating Dr. Stringer's sexism along with its sham Title IX investigation supports pretext.

Appellees fail to explain why the <u>same</u> reasons were pretext for retaliation but not discrimination. *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1337-38 (11th Cir. 1999)(work performance articulation found pretextual for discrimination claim warranted denial of summary judgment on retaliation claim based on same articulation.) Appellees cite *Crawford v. Carroll* but there this Court *reversed summary judgment* on the plaintiff's race discrimination and retaliation claims arising out of the same adverse actions, finding that "Crawford has cast sufficient doubt on the proffered reasons to permit a reasonable factfinder to conclude that the reasons actually were a pretext for discrimination <u>and</u> retaliation. *Combs v. Plantation Patterns,* 106 F.3d 1519 (11th Cir. 1997); *Holifield*, 115 F.3d at 1566….". (Emphasis added); *Demyanovich v. Cadon Plating & Coatings, L.L.C.,* 747 F.3d 419, 433 (6th Cir. 2014)(pretext as to same purported reasons for one claim, raised factual dispute requiring denial of summary judgment on other claims).

Dr. Su's "truthfulness" was put in issue by the evidence that 1) he signed the counseling letter and 2016 evaluation knowing it falsely referred to discussion about interpersonal on June 30, 2016, and 2) he signed the September 6, 2016 evaluation knowing it misleadingly implied that Dr. Bird had not improved from the "August 9, 2016" *simultaneous* counseling letter. Dr. Su later admitted that September 6, 2016 was the first time that Dr. Bird had been "counseled." (R.210

[Dr. Su Dep.] 64-72). "[A] person who is deemed unbelievable as to one material fact may be disbelieved in all other respects." *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1059 (9th Cir. 2005); *Hattem v. U.S.*, 283 F.2d 339, 343 (9th Cir. 1960) (witness's false testimony on one material fact allows disregard of all of that witness's testimony); *Hovhannisyan v. Mukasey*, 274 Fed. Appx. 609, 612 (10th Cir. 2008). The District Court was required to draw the reasonable inference that a jury could wholly disbelieve Dr. Su, and *was required* to "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing,* 530 U.S. at 151.

The District Court improperly ignored evidence, improperly credited Dr. Su, and failed to draw inferences in Appellant's favor, requiring it to find *even on the record then before it*, that Appellant had raised disputed issues of material fact as to pretext regarding her sex discrimination claims. *Alvarez*, 610 F.3d at 1265, *citing*, *Combs v. Plantation Patterns*, 106 F.3d at 1538 ("weaknesses, implausibilities, inconsistencies, incoherences, or contradictions"). Drs. Su's, Stringer's, Dewar's and Dennis's later deposition testimony corroborated this pretext (Corr. Br. 23-34, 52-66). Pretext, by itself, but along with Dr. Stringer's sexism, constituted a mosaic of circumstantial evidence requiring denial of summary judgment. *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321 (11th Cir. 2011).

## POINT IX
## APPELLEES DO NOT REBUT DR. BIRD'S
## RETALIATORY HARASSMENT ARGUMENT

The District Court rejected Appellees' argument that Dr. Bird's cause of action for retaliatory harassment was not pled (R.115, 29-30. Part A) from which Appellees did not cross-appeal, so this issue is not properly before the Court. Nevertheless, Paragraphs 61 and 111 of the Complaint (R.1-2) specifically refer to retaliatory hostile work environment.

On the merits, Appellees' only response is to tell this Court to read the District Court's decision. (App. Br. 49). Appellees' argument that Dr. Bird "cannot escape" her claim that the hostile work environment started at the commencement of her employment erroneously fails to recognize, as the Supreme Court held in *Bostock v. Clayton County*, *Georgia*, 140 S.Ct. 1731 (2020) that proximate for retaliation purposes does not mean sole or primary. Dr. Bird argued this at p. 64 of her brief, and Appellees failed to respond to It. Appellees' conclusory assertion that Dr. Bird could not meet the might-well-have-dissuaded standard, without any legal citation, should be disregarded, and is insufficient to refute Dr. Bird's arguments at pp. 64-66 of her brief.

## APPELLEES FAIL TO REFUTE THE
## DISTRICT COURT'S IMPROPER DISMISSAL OF 1983 CLAIMS

Like the District Court, Appellees' Section 1983 argument just "piggybacks" onto their prior arguments, without discussing any of the legal principles applicable to these causes of action. Appellees do not challenge Dr. Bird's clearly established right under the Equal Protection Clause to work at UF free of sex-based gender harassment and discrimination, or that personal involvement of Dr. Stringer in such harassment or discrimination raises 1983 liability. The District Court's dismissal of Appellant's sex discrimination and gender harassment claims was error, making his dismissal of Dr. Bird's individual liability 1983 claim against Dr. Stringer on that basis, similarly reversible error.

Dr. Stringer's gender *animus* and his direct actions in harassing Dr. Bird throughout her employment, in writing the counseling letter and in precipitating, and actively participating in her non-renewal and clinic removal establishes his 1983 liability under Equal Protection.

Dr. Stringer harbored conjoined sexist and retaliatory motives. After Dr. Bird's complaints, Dr. Stringer continued to discriminate and harass her based on her gender, and escalated his retaliatory actions, especially after April 2016, culminating in her non-renewal and removal from the clinic. *Watkins v. Bowden*,

105 F.3d 1344, 1354 (11th Cir. 1997) *citing*, *Beardsley v. Webb,* 30 F.3d 524, 529-

30 (4th Cir. 1994). As the *Beardsley* Court explained:

> continued sexual harassment and adverse treatment of a
> female employee . . . remains actionable as a violation of
> the Equal Protection Clause even when the sex
> discrimination and harassment continue after . . . the
> female employee's report of prior discrimination and
> harassment. *See Beardsley* , 30 F.3d at 530. The
> employee's claim in such a case is not "a claim of pure
> retaliation," *id.* , but instead implicates the basic equal
> protection right to be free from sex discrimination. . . .*Id.*
> at 529 ; *see also Watkins* . . .

*Wilcox v. Lyons*, 970 F.3d 452, 461 (4th Cir. 2020). Where "a public employee

links an alleged retaliatory action to her gender, that . . . constitute[s] part of an

equal protection discrimination claim, not a freestanding retaliation claim." *Id*. ,

*citing*, *See Watkins*, 105 F.3d at 1354. *Ratliff v. DeKalb Cnty., GA,* 62 F.3d 338

(11th Cir. 1995) cited by Appellees (App. Br. 49, n.17) is inapposite.

In 2005 the Supreme Court in *Jackson v. Birmingham Bd. Of Educ.,* 544

U.S. 167, 173–74 (2005) (citations omitted) stated:

> Retaliation against a person because that person has
> complained of sex discrimination is . . . intentional sex
> discrimination . . . . retaliation is discrimination "on the
> basis of sex" because it is an intentional response to . . .
> an allegation of sex discrimination . . .

While *Jackson* was decided under Title IX, "[t]his reasoning applies with

equal force to the employment context. When a supervisor retaliates against an

employee because he complained of discrimination, the retaliation constitutes

intentional discrimination against him for purposes of the Equal Protection Clause." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82 (2d Cir. 2015) (reversing dismissal of §1983 retaliation against supervisor); *Locke v. Haessig*, 788 F.3d 662, 672 (7th Cir. 2015)(citing *Jackson* in affirming denial of qualified immunity under equal protection because of threats to retaliate).

Appellees misapprehend that Dr. Su's §1983 liability derives from *his own actions.* Dr. Su was present at the "oven mitts" presentation, heard Dr. Stringer's "rolling the hay" comment, knew about Dr. Bird's complaints about Dr. Stringer's sexism, yet protected Dr Stringer, threatened Dr. Bird and acted on those threats, which establishes his own liability. *Cottone v. Jenne,* 326 F.3d 1352 (11th Cir. 2003), *Blash* (reinstating 1983 liability claim against Sheriff Cape); *Locke*, (no qualified immunity because of Haessig's threats to retaliate following plaintiff's sexual harassment complaint). Further, in *Gilroy v. Baldwin*, 843 Fed. Appx. 194, 197 (11th Cir. 2021) this Court applied the cat's paw theory to a §1983 individual liability claim.

## CONCLUSION

THIS COURT SHOULD REINSTATE APPELLANT'S CLAIMS FOR SEX DISCRIMINATION, GENDER HARASSMENT, RETALIATORY HARASSMENT, AND HER 42 U.S.C. §1983 CLAIMS AGAINST DRS. STRINGER AND SU AND DENY QUALIFIED IMMUNITY, WITHOUT ANY REMAND TO CONSIDER THESE CLAIMS BECAUSE REMAND WOULD BE FUTILE AND WASTEFUL OF JUDICIAL RESOURCES. THIS COURT SHOULD FIND APPELLANT'S 2015 EVALUATION AND BACKDATED COUNSELING LETTER TO BE ADVERSE ACTIONS AND THAT THE DISTRICT COURT'S FAILURE TO INSTRUCT ON CAT'S PAW LIABILITY WAS REVERSIBLE ERROR. THIS COURT SHOULD REMAND FOR ALL OTHER APPROPRIATE RELIEF

Respectfully submitted, this 18th day of May 2023.

/s/Robert N. Marx_____
Robert N. Marx
Georgia Bar No. 475280
Jean Simonoff Marx
Georgia Bar No. 465276
Attorneys for Appellant
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway, Ste. 500
Atlanta, GA 30338
Telephone: (404) 261-9559
E-mail: lawyers@marxlawgroup.com

<u>Certificate of Compliance with Type-Volume Limit,</u>
<u>Typeface Requirements, and Type-Style Requirements</u>

1.    This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(i), excluding the portions excludable from that calculation pursuant to Fed. R. App. P. 32(f).  This document contains <u>6,496</u> words, excluding those portions excludable pursuant to Fed. R. App. P. 32(f).

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office 2007 in Times New Roman 14.

/s/Robert N. Marx_____
Robert N. Marx
Georgia Bar No. 475280
Marx & Marx, L.L.C.
1050 Crown Pointe Parkway, Ste. 500
Atlanta, GA 30338
Tel. (404) 261-9559
Email: lawyers@marxlawgroup.com

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on May 18, 2023.

I certify that the following are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system:

Michelle Bedoya Barnett, Esq.    Todd A. Wright, Esq.
Alexander DeGance Barnett PA    Alexander DeGance Barnett PA
1500 Riverside Avenue    1500 Riverside Avenue
Jacksonville, FL 32202    Jacksonville, FL 32202
michelle.barnett@adblegal.com    todd.wright@adblegal.com

Kelly Lynn DeGance, Esq    Chandler Jolly, Esq.
Alexander DeGance Barnett PA    Alexander DeGance Barnett PA

1500 Riverside Avenue
Jacksonville, FL 32202
kelly.degance@adblegal.com

Atlanta, Georgia
May 18, 2023

1500 Riverside Avenue
Jacksonville, FL 32202
chandler.jolly@adblegal.com

/s/Robert N. Marx
Robert N. Marx, Esq.
Georgia Bar No. 475280
Marx & Marx, LLC
1050 Crown Pointe Parkway
Suite 500
Atlanta, Georgia 30338
Telephone: (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Appellant Victoria Bird